UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,
vs.

HARRY'S PIZZERIA II, LLC
d/b/a Harry's Pizza in Coconut Grove, and
MAIN HIGHWAY LAND TRUST

      Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Harry's Pizzeria II, LLC doing business as a Harry's Pizza in Coconut Grove and Defendant Main Highway Land Trust for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.  Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.  Defendants are conducting business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is a "tester" to assure that Defendants and other public accommodations are in compliance with the ADA and ADAAG.

5. Defendant Harry's Pizzeria II, LLC (also referenced as "Defendant Pizzeria LLC," "operator," lessee" or "co-Defendant") is a Florida limited liability company and a franchise operator of the Harry's Pizza pizzeria franchise located at 2996 McFarlane Road, Miami Florida 33133, which is the subject of this action.

6. Defendant Main Highway Land Trust (also referenced as "Defendant Land Trust," "lessor," "owner," or "co-Defendant") is a land trust holding a land trust agreement for Folio 01-4121-043-0091, which represents commercial real property located at 2996 McFarlane Road, Miami Florida 33133. This commercial property is built out as a strip shopping center which houses several retail shops and eateries as well as the subject Harry's Pizza pizzeria, all of which are open to the general public.

## FACTS

7. At all times material hereto, Defendant Land Trust has been leasing a portion of the 2996 McFarlane Road commercial property to co-Defendant Pizzeria LLC who turn has been operating its Harry's Pizza pizzeria within that leased space.

8. Defendant Pizzeria LLC's pizzeria serves pizzas and beverages. While many customers purchase Harry's Pizza as take-away, the pizzeria has a dine-in element, where

customers can sit and eat a pizza within the pizzeria. Since Harry's Pizza serves pizzas and is open to the general public it is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink". The Harry's Pizza pizzeria which is the subject to this action is also referred to as "Harry's Pizza in Coconut Grove," "Harry's Pizza," "pizzeria," or "place of public accommodation."

9. As the owner/operator of a Harry's Pizza franchise which is open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates an establishment serving food and drinks pursuant to 42 U.S.C. §12182, §12181(7)(B)) and 28 C.F.R. §§36.104(2).

10. As the owner (under the land trust) of commercial real estate, part of which is leased for use as a pizzeria open to the general public, Defendant Land Trust is also defined as a "Public Accommodation" within meaning of Title III 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

11. Due to the close proximity of the Harry's Pizza pizzeria to Plaintiff's home, on September 10, 2021 Plaintiff went to the pizzeria with the intent of purchasing a pizza and eating some pizza slices within the indoor seating area portion of the establishment.

12. When arriving at Harry's Pizza in Coconut Grove, Plaintiff could not enter the restaurant because of the inaccessible main entrance and accessible route due to the uneven surface of the pavement/asphalt. While dining/attempting to dine in the seating area provided outdoors, Plaintiff found the seating does not comply with the ADA standards.

13. While Plaintiff had purchased and ate pizza from Harry's Pizza, Plaintiff left the establishment feeling excluded, humiliated and dejected.

14. Plaintiff has been denied full and equal access by the operator of the Harry's Pizza pizzeria (Defendant Pizzeria LLC) and by the owner of the commercial property which houses the pizzeria (Defendant Land Trust).

15. On information and belief, as a franchise owner of a Harry's Pizza pizzeria, Defendant Pizzeria LLC is aware of the need to provide equal access to individuals with disabilities. Defendant Pizzeria LLC's failure to reasonably accommodate individuals with disabilities at its Harry's Pizza Coconut Grove location is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

16. As an investor in commercial property, Defendant Land Trust is aware of the ADA and the need to provide for equal access within its commercial property as related to its multiple public accommodation tenants. Therefore, Defendant Land Trust's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

17. Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator of the Harry's Pizza pizzeria (Defendant Pizzeria LLC) and by the owner of the commercial property which houses the pizzeria (Defendant Land Trust).

18. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff is and has been a customer of Harry's Pizza and continues to desire to return to purchase pizza, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited the Harry's Pizza pizzeria located in Coconut Grove to purchase and eat a pizza therein, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access when seeking access to the pizzeria's goods and services. Therefore, Plaintiff has suffered an injury in fact.

25.     Defendant Pizzeria LLC and Defendant Land Trust have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Harry's Pizza pizzeria in derogation of 42 U.S.C. §12101 *et seq*., and as prohibited by 42 U.S.C. §12182 *et seq*. by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Harry's Pizza pizzeria located in Coconut Grove. Plaintiff intends to return to the subject property in the near future to test for compliance with the ADA and ADAAG.

27.     Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29.     The commercial space which is owned/controlled by Defendant Land Trust houses the subject Harry's Pizza pizzeria which is operated by Defendant Pizzeria LLC is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both

Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

  i.  As to Defendant Pizzeria LLC (lessee) and Defendant Land Trust (owner/lessor) (jointly and severally), Plaintiff had difficulty perambulating into the pizzeria and using the main entrance, as the main door has a change in level.  Because the door has a vertical change in the level at the door threshold, this is a of Section 4.13.8 of the ADAAG and Section 404.2.4.4 of the 2010 ADA Standards for Accessible Design.  Section 4.13.8 states that thresholds at doorways shall not exceed 3/4 in (19 mm) in height for exterior sliding doors or 1/2 in (13 mm) for other types of doors. Raised thresholds and floor level changes at accessible doorways shall be beveled with a slope no greater than 1:2, which not attained in the instant case.

  ii. As to Defendant Pizzeria LLC (lessee) and Defendant Land Trust (owner/lessor) (jointly and severally), The entrance door only has a step to access the restaurant. This entrance is inaccessible and does not have signage posted indicating the location of an accessible entrance. This is a violation of Section 216.6 of the 2010 ADA Standards.  The step represents an insurmountable barrier to independent entry to the pizzeria by the Plaintiff and other individuals who use wheelchairs or electronic scooters, and is in violation of 28 C.F.R. Part 36, Section 4.7; and Section 206.2.1 and 206.4 of the 2010 ADA Standards for Accessible Design.

30.     Plaintiff believes that an inspection of the subject premises will reveal other violations of the ADA and ADAAA as to Defendant Pizzeria LLC (lessee) and Defendant Land Trust (owner/lessor) (jointly and severally). Pursuant to 42 U.S.C. §12101*et seq*., and 28 C.F.R. §36.304, the Defendants are required to make the Harry's Pizza pizzeria commercial space

located at 2996 McFarlane Road accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

31.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the pizzeria therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the commercial property lessee Defendant Main Highway Land Trust and Defendant Harry's Pizzeria II, LLC (operator of the Harry's Pizza pizzeria located on that commercial property) and requests the following relief:

a)      The Court declare that Defendants have violated the ADA;

b)      The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)      The Court enter an Order requiring Defendants to alter the commercial property and the Harry's Pizza pizzeria located at 2996 McFarlane Road such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)      The Court award reasonable costs and attorney's fees; and

e)      The Court award any and all other relief that may be necessary and appropriate.

Dated this 18th day of October 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.

J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*
